**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LYDIA R. BRENNAN,

        Plaintiff,

v.

        CASE NO. 06-14334
        HON. LAWRENCE P. ZATKOFF

WALDMAN MANAGEMENT
d/b/a GALPIN APARTMENTS and
JEFF LNU,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 6, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendants' Bill of Costs [dkt 31]. Plaintiff has filed an objection to the Bill of Costs. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the request for costs be resolved on the papers submitted. For the reasons set forth below, Defendants' Bill of Costs is DENIED.

**II. BACKGROUND**

In the underlying Civil Rights case, the Court granted Defendants' Motion to Dismiss and for Summary Judgment on December 19, 2007. Following entry of the Order, Defendants filed a Bill of Costs in the amount of $1,931.55. Plaintiff filed an objection.

## III. DISCUSSION

Defendants seek costs for court-reporter fees pertaining to various depositions used in their Motion to Dismiss and for Summary Judgment. Defendants also seek costs for witness fees. Plaintiff objects, arguing that these deposition costs are not automatically included in allowable costs and that Defendants failed to submit an affidavit as required by 28 U.S.C. § 1920.

The Court may tax as costs those items delineated in 28 U.S.C. § 1920, including "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "[f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(2), (3). Deposition costs are not automatically imposed; however, the Sixth Circuit has held that, "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Before any bill of costs may be taxed, the party claiming such costs "shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. There is a presumption in favor of awarding costs to a prevailing party. Fed. R. Civ. P. 54(d). The Court, however, has discretion to disallow the costs requested by a party. *Id. See also White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has acknowledged that it may be appropriate for a court to exercise this discretion "where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White, Inc.*, 786 F.2d at 730 (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). Examples of circumstances warranting the denial of costs include cases that are "close

and difficult." *See U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966). Other jurisdictions have noted the non-dispositive relevance of factors for denying costs such as the good faith of the losing party. *Coyne-Delany v. Capital Dev. Bd. of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983).

Plaintiff filed suit after the Fair Housing Center informed her that its tests yielded evidence of discriminatory behavior by Defendants. Although the Court ultimately dismissed Plaintiff's claim, she satisfied two prongs of the prima facie showing of racial discrimination. Further, the facts of the case, while not sufficient to establish racial discrimination, confirm that Plaintiff brought the suit in good faith. The Court finds that "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White, Inc.*, 786 F.2d at 730 (citing *Lichter Found., Inc.*, 269 F.2d at 146).

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Bill of Costs is DENIED.

IT IS SO ORDERED.


                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  March 6, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 6, 2008.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290